IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT FORD,** | **CIVIL NO. 1:CV-06-2410** |
| Plaintiff | JUDGE SYLVIA H. RAMBO |
| v. | |
| **COMMONWEALTH OF PENNSYLVANIA, et al.,** | |
| Defendant | |

### M E M O R A N D U M and O R D E R

Before the court is Defendants' motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. For the reasons that follow, the motion will be granted. However, because Plaintiff initially filed the complaint *pro se*, but has since retained counsel, the court will grant plaintiff twenty days to file an amended complaint in accordance with the following memorandum and order.

**I.      Background**

Plaintiff, a Caucasian male and an honorably discharged military veteran, applied for at least twenty-five civil service positions as an Equal Employment Opportunity Specialist at a number of Commonwealth agencies between 2001 and 2004, but was rejected for every position. (Doc. 1 at 2.) Plaintiff had the highest score on the civil service examination for every position for which he applied. (*Id.*) Additionally, Plaintiff was awarded a veteran's preference for his military service, and he claims that under Pennsylvania law, this should have resulted in his automatic selection for any position for which he was one of the top three applicants. (*Id.*) Nevertheless, after interviewing for each of these positions,

Plaintiff was rejected and the positions either went unfilled or other candidates were selected.  (*Id.*)

On December 18, 2006, Plaintiff filed the instant *pro se* complaint (Doc. 1), alleging that several state agencies and individuals[1] refused to hire him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and the Pennsylvania Military Affairs Act ("MAA").  Plaintiff seeks reinstatement, back pay, attorneys fees, and one million dollars in damages to be donated to a scholarship fund for children of veterans killed in Iraq and Afghanistan.  (Doc. 1 at 3.)

On April 13, 2007, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. 9.)  A brief in support of that motion was filed on April 23, 2007.  (Doc. 10.)  On June 7, 2007, pro bono counsel entered an appearance on behalf of Plaintiff.  On June 30, 2007 Plaintiff filed a brief in opposition to the motion to dismiss (Doc. 16).  In opposing the motion to dismiss, Plaintiff argued that because the complaint was filed *pro se*, it should be construed liberally as raising claims pursuant to 42 U.S.C. § 1981 and § 1983.  However, a motion to file an amended complaint raising those claims has not been filed.  Defendants' reply brief was filed on August 10, 2007 (Doc 17).  Accordingly, the matter is ripe for disposition.

---

[1] Defendants include the Commonwealth of Pennsylvania, Governor Edward G. Rendell, the State Civil Service Commission ("SCSC"), Executive Director Jeffrey Wallace, the Department of Transportation ("PennDOT"), Secretary Allen Biehier, the Department of Public Welfare ("DPW"), Secretary Estelle Richman, the Department of General Services ("DGS"), Secretary James Creedon, the Department of Corrections ("DOC"), Secretary Jeffrey Beard, the Department of Labor and Industry ("L&I") and Secretary Stephen Schmerin.

## II.        Legal Standard:  Motion to Dismiss

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2).  *Id.* at 1965; *accord, e.g., Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).  A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007).  The court is not, however, "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quotations and citations omitted).  If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Bell Atlantic*

*Corp.*, 127 S. Ct. at 1965, 1974; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234-35 (3d Cir. 2007).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as for what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci,* 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), *quoted in Erickson*, 127 S. Ct. at 2200.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Id.* Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a complaint that is merely deficient. *See, e.g.*, *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

### III.      Discussion

Defendants argue that Plaintiff's claims should be dismissed for the following reasons: (1) Plaintiff failed to plead exhaustion of his administrative remedies with the EEOC as required by Title VII; (2) individual defendants may not be sued under Title VII and the ADEA; (3) the Eleventh Amendment bars the ADEA and MAA claims against Commonwealth agencies; and (4) Plaintiff's claims are barred by state sovereign immunity.[2] In his opposition brief, Plaintiff concedes that individual defendants may not be liable under Title VII and the ADEA.[3] Accordingly, those claims will be dismissed. However, Plaintiff argues that the Title VII claims against the Commonwealth and agencies should not be barred by his failure to plead exhaustion. Additionally, in response to Defendants' arguments regarding sovereign immunity and suits against individual defendants, Plaintiff

---

[2] Defendants also argue that the court should decline to exercise supplemental jurisdiction on state law claims under the Military Affairs Act. Because Plaintiff is granted leave to amend the complaint, the court will not address the issue of supplemental jurisdiction at this time.

[3] Plaintiff also concedes that the Commonwealth and its agencies are generally immune from suit for damages under the Eleventh Amendment for his ADEA and MAA claims. However, this concession does not require the dismissal of these claims because Plaintiff also seeks prospective injunctive relief which is not barred by the Eleventh Amendment. *See Ex Parte Young*, 209 U.S. 123 (1908); *Edelman v. Jordan*, 415 U.S. 651, 663-64 (1974).

asserts that because the complaint was initially filed *pro se*, it should be construed liberally as raising claims under 42 U.S.C. §§ 1981 and 1983. These arguments will be addressed in turn.

### A.    Title VII - Exhaustion

Prior to bringing a Title VII claim in federal court, a plaintiff must exhaust administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC"). *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). Once the EEOC has investigated the claim and determined that it will take no action, it must issue a "right-to-sue" letter, indicating that the claim has been exhausted. *Id.* The Third Circuit has held that "[a] complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC (or a state conciliation agency) for conciliation or resolution." *Hornsby v. U.S. Postal Serv.*, 787 F.2d 87 (3d Cir. 1986); *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997).

Here, Plaintiff does not allege exhaustion in his complaint. While it is true that failure to exhaust is an affirmative defense, *see Robinson*, 107 F.3d at 1021, Plaintiff may not prevail on his Title VII claims if he has not first exhausted his administrative remedies by filing a complaint with the EEOC and receiving a right-to-sue letter. Because Plaintiff has not alleged exhaustion in his complaint, he has failed to state a claim upon which relief can be granted and his Title VII claim will be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6), with leave to file an amended complaint.

### B. 42 U.S.C. § 1981 and 1983

Plaintiff also asserts that because the complaint was initially filed *pro se*, it should be construed liberally as raising claims under 42 U.S.C. §§ 1981 and 1983. However, since obtaining counsel, Plaintiff has not sought leave to amend the complaint to make those claims. Defendants argue that because Plaintiff has now retained counsel, the complaint should no longer be construed liberally to include claims not specifically asserted in the *pro se* complaint. In light of the fact that Plaintiff has now retained counsel, the court declines to construe Plaintiff's *pro se* complaint as raising claims pursuant to 42 U.S.C. §§ 1981 and 1983, but will grant Plaintiff leave to file an amended complaint raising those claims.

### IV. Conclusion

In accordance with the foregoing discussion, **IT IS HEREBY ORDERED THAT:**

1) Plaintiff's Title VII and ADEA claims against individual defendants are **DISMISSED WITH PREJUDICE**;

2) Plaintiff's remaining Title VII claims are **DISMISSED WITHOUT PREJUDICE**; and

2) Plaintiff is granted 20 days **LEAVE TO FILE AN AMENDED COMPLAINT**.

 s/Sylvia H. Rambo
 SYLVIA H. RAMBO
 United States District Judge

Dated: January 9, 2008.

7