IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT D. FORD,** | : | **Civil No. 1:06-CV-2410** |
| **Plaintiff,** | : | **JUDGE SYLVIA H. RAMBO** |
| **v.** | : | |
| **COMMONWEALTH OF PENNSYLVANIA, et al.,** | : | |
| **Defendants.** | : | |

# M E M O R A N D U M

Before the court is Defendants' motion to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons that follow, the motion will be granted in part and denied in part.

## I.        Background

### A.    Facts

According to Plaintiff's amended complaint, Plaintiff, a Caucasian male and an honorably discharged military veteran, applied for at least twenty-five civil service positions as an Equal Employment Opportunity Specialist at several Commonwealth agencies between 2001 and 2004, but was rejected for every position. (Doc. 24 at 4–5.) As part of the application process, Plaintiff underwent a civil service examination. (*Id.* at 4.) Plaintiff achieved the highest possible score for each position for which he applied. (*Id.*) Additionally, Plaintiff was awarded a veteran's preference for his military service, which he claims should have resulted in his automatic selection for any position for which he was one of the top three applicants. (*Id.* 5.) Nevertheless, after interviewing for each of these positions,

Plaintiff was rejected and the positions either went unfilled or other candidates were selected. (*Id.* at 6.) On multiple occasions during these interviews, "individuals appeared visibly surprised at having a Caucasian male apply for the position of Equal Opportunity Specialist." (*Id.*) Plaintiff subsequently engaged in correspondence with Executive Director of the State Civil Service Commission Jeffrey Wallace in which he expressed his belief that he had been a victim of discrimination. (*Id.* at 8.)

### B.    Procedural History

On December 18, 2006, Plaintiff filed a *pro se* complaint (Doc. 1), alleging that several state agencies and individuals[1] refused to hire him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and the Pennsylvania Military Affairs Act. Plaintiff sought reinstatement, back pay, attorneys fees, and one million dollars in damages to be donated to a scholarship fund for children of veterans killed in Iraq and Afghanistan. (Doc. 1. at 3.)

On April 13, 2007, Defendants moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 9.) The court dismissed Plaintiff's Title VII and ADEA claims against Individual Defendants with prejudice while granting leave to

---

[1] Defendants include the Commonwealth of Pennsylvania, Governor Edward G. Rendell ("Governor Rendell" or "Rendell"), the State Civil Service Commission ("SCSC"), Executive Director Jeffrey Wallace ("Wallace"), the Department of Transportation ("PennDOT"), Secretary Allen Biehier, the Department of Public Welfare ("DPW"), Secretary Estelle Richman, the Department of General Services ("DGS"), Secretary James Creedon, the Department of Corrections ("DOC"), Secretary Jeffrey Beard, the Department of Labor and Industry ("L&I"), and Secretary Stephen Schmerin. (The Commonwealth and its agencies will be referred to collectively as "Commonwealth Defendants" and the individuals defendants collectively as "Individual Defendants").

file an amended complaint raising claims pursuant to 42 U.S.C. §§ 1981 and 1983. (*Id.*)

On January 29, 2008, Plaintiff, through counsel,[2] filed the instant amended complaint alleging violation of his right to contract under 42 U.S.C. § 1981 and violation of his constitutional rights to due process and equal protection.  (Doc. 24 at 9–12.)  Plaintiff seeks damages in the form of back pay, front pay, actual damages, compensatory damages, legal fees, and punitive damages.  (*Id.*)  In addition, Plaintiff seeks an order "directing the Defendants and their successors from discriminating against Caucasian male veterans and from denying veterans their Veteran's Preference Rights under state law."  (*Id.* at 11–12.)

On February 20, 2008, Defendants moved to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. 24.)  Defendants filed a brief in support of that motion on April 10, 2008.  (Doc. 29.)  On April 28, 2008, Plaintiff filed a brief in opposition to Defendants' motion to dismiss the amended complaint.  (Doc. 30.)  Defendants did not file a reply brief.  Accordingly, the matter is ripe for disposition.

## II.        Legal Standard

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 127

---

[2]The Court with great appreciation acknowledges the pro bono assistance of James J. West, Esq.

S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Fair notice" in Rule 8(a)(2) "depends on the type of case—some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief."  *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted).  "A situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8."  *Id.*  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief.  *Twombly*, 127 S. Ct. at 1965.  *Accord Phillips*, 515 F.3d at 238–39; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (The court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.") (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007).  *Accord Phillips*, 515 F.3d at 233.  If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss.  *Twombly*, 127 S. Ct. at 1965, 1974; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007);

*Stevenson v. Caroll*, 495 F.3d 62, 66 (3d Cir. 2007).  This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action.  *Twombly*, 127 S. Ct. at 1965.  "The defendant bears the burden of showing that no claim has been presented."  *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient.  *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116–17 (3d Cir. 2000).  "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility."  *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## III.        Discussion

Defendants set forth several arguments in favor of their motion to dismiss.  First, Defendants argue that the claims against Commonwealth Defendants must be dismissed because the Eleventh Amendment provides immunity for Commonwealth Defendants against suit in federal court.  Second, Defendants argue that Individual Defendants are "entitled to summary judgment" on Plaintiff's claims under 42 U.S.C. § 1981.  Third, Defendants argue that Plaintiff's claims under 42 U.S.C. § 1983 should be dismissed because Plaintiff has failed to allege any personal involvement by Individual Defendants in the allegedly discriminatory conduct.  The court addresses each argument in turn.

## A. **Eleventh Amendment Immunity**

Defendants argue that the Eleventh Amendment provides the Commonwealth of Pennsylvania and its agencies immunity from Plaintiff's claims. The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  Absent an exception, the Eleventh Amendment bars suits in federal court that name the state as a defendant.[3] *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).  This bar "extends to suits against departments or agencies of the state having no existence apart from the state." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981).  The primary purpose of the Eleventh Amendment is "to assure the federal courts do not interfere with a state's public policy and its administration of internal public affairs." *Blake v. Kline*, 612 F.2d 718, 725 (3d Cir. 1979).

There are only three "narrowly circumscribed exceptions" to the Eleventh Amendment immunity: (1) congressional abrogation, (2) state waiver, and (3) suits against individual state officers for prospective relief to end an ongoing violation of federal law.  *M.A. ex rel. E.S. v. State-Operated Sch. Dist. of Newark*, 344 F.3d 335, 344–45 (3d Cir. 2003).  As discussed below, all counts against the Commonwealth Defendants must be dismissed because neither the first nor second exception applies in the instant case.

---

[3]Although the Eleventh Amendment appears to apply only to suits brought by a citizen of one state against another state, it also protects a state against suits brought by its own citizens. *Hans v. Louisiana*, 134 U.S. 1, 10 (1890).

The first exception does not apply in the instant case because Congress has not abrogated Eleventh Amendment immunity to suits brought under 42 U.S.C. §§ 1981 and 1983.  Congress did not intend to abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. §§ 1981 and 1983.  *See Quern v. Jordon*, 440 U.S. 332, 342 (1979) ("[N]either logic, the circumstances surrounding the adoption of the Fourteenth Amendment, nor the legislative history of the 1871 Act compels, or even warrants, a leap from this proposition to the conclusion that Congress intended by the general language of the Act to overturn the constitutionally guaranteed immunity of the several States."); *Laskaris*, 661 F.2d at 25 (noting that the Eleventh Amendment "bars a civil rights suit in federal court that names the state as a defendant, even a claim seeking injunctive relief").

The second exception is equally inapplicable.  Although a state may consent to suit thereby waiving Eleventh Amendment immunity, *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999), the Commonwealth of Pennsylvania has not generally waived its immunity.  42 Pa. Cons. Stat. Ann. § 8521.  *See also Petsinger v. Pa. Dep't of Transp.*, 211 F. Supp. 2d 610, 613 (E.D. Pa. 2002) ("The Commonwealth of Pennsylvania has not waived its immunity in § 1983 civil rights cases." Absent such consent, the Eleventh Amendment provides immunity from civil rights suits in federal court.  *Laskaris*, 661 F.2d at 25.

Because Congress has not abrogated state immunity in §§ 1981 and 1983 suits and the Commonwealth has not waived its immunity, the Eleventh Amendment bars Plaintiff's claims against the Commonwealth of Pennsylvania,

SCSC, PennDOT, DPW, DGS, DOC, and L&I.  Accordingly, the court grants

Defendants' motion to dismiss with regard to these defendants.

### B.    Claims Against Individual Defendants

The remaining question, therefore, is whether Plaintiff has stated claims

under §§ 1981 and 1983 against Individual Defendants sufficient to survive

Defendants' motion to dismiss.

### i.    Claims Pursuant to § 1981

With regard to Plaintiff's claims under § 1981, Defendants argue that

they "are entitled to summary judgment" because Plaintiff's claims under § 1981 are

"without merit."  Defendants argue that Plaintiff has failed to "establish" (1) that

"the defendants acted with invidious discriminatory intent" and (2) that Plaintiff is a

member of "any protected class."  Defendants, however, have not moved for

summary judgment, and these arguments provide no basis for dismissal of the

complaint.[4]  Accordingly, Defendants' motion to dismiss Plaintiff's claims under §

1981 is denied.

### ii.    Claims Pursuant to § 1983

Defendants also seek to dismiss Plaintiff's constitutional claims

pursuant to § 1983.  A complaint alleging violations of 42 U.S.C. § 1983 must state

facts supporting (1) that the conduct complained of was committed by a person

acting under color of state law and (2) that this conduct deprived a person of rights,

---

[4]To plead a claim under § 1981, a plaintiff must only allege that a deprivation of civil rights occurred due to racial discrimination. *See Frederick v. Se. Pa. Trans. Auth.*, 892 F. Supp. 122, 125 (E.D. Pa. 1995). While "no strict elements" exist in pleading a claim under § 1981, a plaintiff must at least give notice to the defendants of the allegedly invidious discriminatory conduct in which they engaged. *Id.* A plaintiff cannot merely allege "vague and conclusory allegations in the complaint." *Id.*  Rather, the plaintiff must plead "a specific factual basis to create the inference of discrimination." *Id.*

privileges, or immunities secured by the Constitution or laws of the United States. *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993); *Goodwin v. Moyer*, 549 F. Supp. 2d 621, 627 (M.D. Pa. 2006).

In many a § 1983 complaint, the plaintiff alleges that one or more primary actor deprived him of his constitutional rights. *See, e.g., Shaw v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990). The typical plaintiff further alleges that, subsequent to the initial injury to his constitutional rights, a number of other individuals who supervised the primary actors or who reviewed the plaintiff's challenge to the initial injury further harmed the plaintiff by failing to prevent or correct the conduct of the original actors. *See, e.g., id.* Under § 1983, however, a plaintiff must show that each and every defendant was "personal[ly] involve[d]" in depriving him of his rights. *Evancho,* 423 F.3d at 353. There is no liability for a supervising or reviewing defendant based on the theories of *respondeat superior* or vicarious liability. *Shaw*, 920 F.2d at 1147; *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976).

A defendant's personal involvement may be shown through "allegations of personal direction [of the deprivation of rights] or of actual knowledge and acquiescence [in the deprivation]." *Evancho*, 423 F.3d at 353 (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). Such allegations are sufficient to survive a motion to dismiss when they name the individuals responsible, the conduct, the time, and the place of the incident that deprived a plaintiff of his civil rights. *Evancho*, 423 F.3d at 353 (citing *Boykins*, 621 F.2d. at 80). Conversely, alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient. *Rode*, 845 F.2d at

1208.  Accordingly, a § 1983 complaint must be dismissed when it fails to contain "even a remote suggestion that [a supervisory defendant] had contemporaneous, personal knowledge of [the alleged harm] and acquiesced in it." *Evancho*, 423 F.3d at 353 (3d Cir. 2005); *see Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990).  With this standard in mind, the court will evaluate the allegations in the complaint against Individual Defendants.

### a.    Defendants Rendell and Wallace

Plaintiff's amended complaint alleges that Rendell and Wallace deprived Plaintiff of his property interest in the veterans preference and violated Plaintiff's right to equal protection.  (Doc. 24 at 11.)   It alleges that Rendell and Wallace violated these rights  by failing to properly train the employees that interviewed Plaintiff and by engaging in a custom and usage of discriminating against white male veterans.  *Id.*

Defendants seek to dismiss this count because Rendell and Wallace lacked any personal involvement, knowledge, or acquiescence in the alleged wrongdoing.  (Doc. 26 at 4–6.)  Plaintiff alleges that Wallace and Rendell were personally involved only by way of correspondence with Plaintiff.  This correspondence, without more, does not allege sufficient personal involvement to support a claim under § 1983.  *See Rode*, 845 F.2d at 1208 ("In a large state employing many thousands of employees, a contrary holding would subject the Governor to potential liability in any case in which an aggrieved employee merely transmitted a complaint to the Governor's office of administration . . . .").  Plaintiff bases his claims on a mere hypothesis that Governor Rendell and Executive Director Wallace acquiesced in a custom of discriminating against white male veterans by

engaging in correspondence with Plaintiff.  This conjecture, alone, cannot support a claim against Governor Rendell or Executive Director Wallace.

### b.    **Defendant Department Secretaries**

Similarly, Plaintiff's claims under § 1983 against the various Department Secretaries fail to cross "the line from conceivable to plausible." *Twombly*, 127 S. Ct. at 1974.  Plaintiff's amended complaint omits any mention of conduct by the various Department Secretaries and  provides no factual predicate upon which claims against the Defendant Secretaries could be based.  Speculation about a custom based on similar conduct among the various departments does not give sufficient notice to Defendants of the nature of Plaintiff's claim.  *Cf. id.* at 1964 ("[W]e have previously hedged against false inferences from identical behavior at a number of points in the trial sequence.").  In this regard, Plaintiff's amended complaint remains deficient.

### c.    **Leave to Amend Claims**

Although Plaintiff has failed to allege sufficient personal involvement against Governor Rendell, Executive Director Wallace, and the Department Secretaries to support claims under § 1983, amendment would not be futile. Plaintiff will be given leave to amend claims against all Individual Defendants. *Alston,* 363 F.3d at 236.

Case 1:06-cv-02410-SHR   Document 31   Filed 09/02/08   Page 12 of 14

**IV.**        <u>**Conclusion**</u>

For the foregoing reasons, the Defendants' motion to dismiss is denied in part and granted in part.  An appropriate order will follow.[5]

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  September 2, 2008.

---

[5]The court has reviewed Defendants' other arguments and finds they lack merit.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ROBERT D. FORD,**                   :      Civil No. 1:06-CV-2410
                                      :
               **Plaintiff,**         :      **JUDGE SYLVIA H. RAMBO**
                                      :
          **v.**                      :
                                      :
**COMMONWEALTH OF**                    :
**PENNSYLVANIA, et al.,**              :
                                      :
               **Defendants.**        :

## O R D E R

In accordance with the foregoing discussion, **IT IS HEREBY**
**ORDERED THAT**:

1)  Defendants' motion to dismiss Plaintiff's amended complaint (Doc.
26) is **DENIED** in part and **GRANTED** in part as follows**:**

a) All Counts against the Commonwealth of Pennsylvania,
Pennsylvania State Civil Service Commission, Pennsylvania
Department of Transportation, Pennsylvania Department of General
Services, Pennsylvania Department of Corrections, and Pennsylvania
Department of Labor & Industry are **DISMISSED WITH**
**PREJUDICE**.

b) Defendants' motion to dismiss Plaintiff's claims under § 1981
is **DENIED**.

c) Plaintiff's § 1983 claims are **DISMISSED WITHOUT**
**PREJUDICE**.

d) In all other respects, Defendants' motion is **DENIED**.

2) Plaintiff is granted **LEAVE TO FILE AN AMENDED COMPLAINT** remedying the claims that have been dismissed without prejudice no later than twenty days from the date of this order.  If Plaintiff opts not to file an amended complaint, this action will proceed upon the first amended complaint, absent the claims dismissed herein.


                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated:  September 2, 2008.

2